FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 1 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MD. HAFIZUR RAHIM,

                Plaintiff,

                -against-

SECRETARY, ESTABLISHMENT DIVISION,
GOVERNMENT OF THE PEOPLE'S REPUBLIC
OF BANGLADESH,

                Defendant.
----------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

11-CV-3368 (KAM)

**MATSUMOTO, United States District Judge:**

Pro se plaintiff Md. Hafizur Rahim filed the instant action on July 11, 2011. For the reasons set forth below, plaintiff's request to proceed *in forma pauperis* is granted and the action is dismissed.

## BACKGROUND

Plaintiff, a naturalized United States citizen, alleges that he was employed as an Income Tax Officer for the government of Bangladesh from March 22, 1962 until August 30, 1993.[1] (ECF No. 1, Complaint ("Compl.") at ¶¶ 1, 3.) Plaintiff alleges that he was subject to an unspecified form of discrimination that prevented him from being assigned the proper class and grade in the income tax office. (Compl. at ¶ 10.) As a result, he alleges, he did not receive the promotion, pay, and pension that he was entitled to during his employment in the government of Bangladesh. (Compl. at ¶ 14.) Plaintiff asserts that he is entitled to damages in the amount of $720 million, an amount he calculates based on his expected investment

---

[1] The court takes judicial notice that for part of this period, the state now known as Bangladesh was called East Pakistan and was a province of Pakistan.

return, had he been able to invest the allegedly lost earnings in Bangladeshi real estate. (Compl. at ¶¶ 14-15.)

Plaintiff names "Secretary, Establishment Division, Government of the People's Republic of Bangladesh" as the sole defendant. (Compl. at 1.) He states that the defendant "resides at Bangladesh Secretariat, Dhaka-1000, Bangladesh," but provides addresses for the Bangladesh Embassy and Consulate in Washington, D.C. and New York City for service of process. (Compl. at 1; ¶ 2.) Plaintiff does not identify acts of any individual identified as the "Secretary." Instead, he cites promotion decisions made by the Central Public Service Commission, the Central Board of Revenue and the Commissioner of Income-tax and declares that "the government should have recalculated his pay, pension and gratuity." (Compl. at ¶¶ 10–12, 14.) He further states that "the government denied, or obstructed in the proceedings of the Supreme Court of Bangladesh." (Compl. at ¶ 16.)

Plaintiff states that he previously filed a lawsuit on this same issue in the Supreme Court in Bangladesh that has been pending since 1996. (Compl. at ¶ 5.) He asserts this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).

## DISCUSSION

A district court shall dismiss an *in forma pauperis* action where the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is deemed frivolous as a matter of law when, inter alia, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998)

2

(internal citations omitted).

As plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the court is obliged to construe his pleadings liberally and to interpret them as raising the strongest arguments they suggest, Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).

Nonetheless, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 542-44 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be raised . . . by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000); see also Fed. R. Civ. P. 12(h)(3).

Plaintiff asserts the jurisdiction of this court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2). The relevant jurisdictional provision in this case, however, is 28 U.S.C. § 1330 and other provisions of the Foreign Sovereign Immunities Act ("FSIA"), which "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country." Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 443 (1989). "Under the [FSIA], a foreign state is presumptively immune from the jurisdiction of United States courts; unless a specified exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state." Saudi Arabia v. Nelson, 507 U.S.

349, 355 (1993). These exceptions are found in 28 U.S.C. §§ 1605 - 1607, none of which appears to apply to the circumstances of plaintiff's alleged employment contract with the government of Bangladesh.

The FSIA provides that a foreign state "includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state." 28 U.S.C. § 1603(a). It does not determine the immunity of an individual foreign official sued in his personal capacity for conduct undertaken in his official capacity. Samantar v. Yousuf, -- U.S. --, 130 S. Ct. 2278, 2289, 2292 (2010). However, "it may be the case that some actions against an official in his official capacity should be treated as actions against the foreign state itself, as the state is the real party in interest." Id. at 2292. In this case, all of plaintiff's allegations center on decisions attributed to "the government" and various governmental agencies. Plaintiff has not identified any individual official who could be held responsible for the alleged harm. Thus, the foreign state, and not any individual, is the real party in interest. The government of Bangladesh and its official agencies are immune from suit under the FSIA. Accordingly, plaintiff's claims are dismissed pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to serve a copy of this Memorandum and Order on

plaintiff and note service on the docket, enter judgment in favor of defendants and close this case.

**SO ORDERED.**

_____/S/_____
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
August 11, 2011